GREENE *v.* MICHIGAMME PETROLEUM CO.

1. Vendor and Purchaser—Forfeiture—Continuance—Abuse of Discretion.

Conditions imposed upon defendant in granting continuance in land contract forfeiture proceedings *held,* not to amount to an abuse of discretion vested in trial court by land contract moratorium act, nor such that an unprejudiced person can say there was no justification or excuse for them although different conditions might properly have been imposed (Act No. 122, § 25a, Pub. Acts 1933).

2. Appeal and Error—Land Contract Forfeiture Proceedings—Continuance—Questions Reviewable.

Question of whether or not a continuance should have been granted under land contract moratorium act is not before Supreme Court where vendors seeking forfeiture do not appeal from order conditionally granting continuance (Act No. 122, § 25a, Pub. Acts 1933).

Appeal from Jackson; Williams (Benjamin), J. Submitted January 16, 1935. (Docket No. 101, Calendar No. 38,146.) Decided March 5, 1935.

Proceedings by George E. Greene and wife against Michigamme Petroleum Company, a Michigan corporation, to forfeit a land contract. On defendant's petition for relief under land contract moratorium act. From order entered, defendant appeals. Affirmed.

*M. Grove Hatch,* for plaintiffs.

*J. M. Hatch & Son* (*Burke & Burke,* of counsel), for defendant.

Bushnell, J. This is an appeal from an order granting a continuance in a land contract forfeiture

case in accordance with the provisions of Act No. 122, § 25a, Pub. Acts 1933. The trial court imposed certain conditions upon defendant, to which it raises many objections. We are urged to set aside the order as being an abuse of discretion. No particular advantage can be gained by a discussion of the facts and circumstances, nor of the conditions imposed by the court. We have so recently reviewed the general question of abuse of discretion in *Hoskin-Morainville Paper Co.* v. *Bates Valve Bag Corp.,* 268 Mich. 443, that we shall not repeat the citations or quotations.

We have carefully examined the record and briefs and while we might have imposed different conditions, we cannot agree that the order entered is an abuse of judicial discretion, or that an unprejudiced person can say there was no justification or excuse for the conditions imposed. *Cooper* v. *Carr,* 161 Mich. 405.

Plaintiffs do not appeal, so the question of whether or not a continuance should have been granted is not before us.

The order entered below is affirmed, with costs to appellees.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, WIEST, BUTZEL, and EDWARD M. SHARPE, JJ., concurred.